BOYD, Justice.
This cause is before us on petition for writ of mandamus and the return of respondents thereto. The issue presented is whether the purchase of fuel oil used by relator in fireblasting steel drums is a retail sale subject to sales and use taxes under Florida Statutes Chapter 212, F.S.A.
Relator, a corporation qualified to do business in the State of Florida, is engaged in the business of reconditioning steel drums which are then sold to purchasers throughout the State. The reconditioning is done by a fire blasting process that burns paint and residue of prior content from open head drums. The drums are carried by a conveyor belt through a wall of fire which completely incinerates and destroys all the previous contents of the drum. The cleaning ovens burn a mixture of number two fuel oil and air which is forced through the oven pipes into burning nozzles on each side of the oven. *359 The fuel oil used is completely consumed as an industrial material for cleaning purposes and is immediately dissipated in the processing of the reconditioned drums.
Relator paid tax in the amount of $642-42 pursuant to Florida Statutes § 212.08 (5), F.S.A., and administrative rule 318— 1.59(1). Application for refund was submitted and disallowed.
Florida Statutes § 212.05, F.S.A., provides :
“Sales, storage, use tax. — It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein, and who leases or rents such property within the state. For the exercise of said privilege a tax is levied on each taxable transaction or incident and shall be due and payable, according to the brackets set forth in § 212.12(10) $ * * "
Florida Statutes § 212.02(3) (c), F.S.A., provides:
“The terms ‘retail sales,’ ‘sale at retail,’ ‘use,’ ‘storage’ and ‘consumption’ shall not include the sale, use, storage or consumption of industrial materials for future processing, manufacture or conversion into articles of tangible personal property for resale where such industrial materials become a component part of the finished product or are used directly and immediately dissipated in fabricating, converting, or processing such materials or parts thereof, nor shall such terms include materials, containers, labels, sacks or bags intended to be used one time only for packaging tangible personal property for sale. ‘Immediately dissipated’ as used herein shall mean one time use.” (e. s.)
 Relator contends that the purchase of fuel used in the cleaning process of the steel drums is not subject to tax since the fuel is an industrial material which is used, stored or consumed and immediately dissipated in fabricating, converting or processing as contemplated by Florida Statutes § 212.02(3) (c), F.S.A., supra. Respondents urge that tax exemptions must be strictly construed and that the exemption section, Florida Statutes § 212.08(5), F.S.A., having to do with fuel oils, does not exempt the purchase of the fuel described herein. We think that respondents’ arguments are beside the point since the Legislature has chosen to define the taxable transactions or events to exclude the purchase of the fuel described herein under Florida Statutes § 212.02 (3) (c), F.S.A. This is not an exemption section to be strictly construed against the taxpayer but rather a section which defines what is to be taxed and as such is to be strictly construed against the taxing authority. Collection of the tax in this instance is contrary to law.
Accordingly, peremptory writ is granted and respondents are directed to refund the monies paid by relator into the State treasury as tax in the sum of $642.42.
' It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and CARLTON, JJ., concur.